United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES W. TRAPP,

        Petitioner,                  No. C 09-1284 PJH (PR)

  vs.                             **ORDER TO SHOW CAUSE**

ROBERT K. WONG, Warden,

        Respondent.
                                   /

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

In 1985 petitioner pled guilty to second degree murder and was sentenced to prison for sixteen years to life. This petition is directed to a denial of parole on February 29, 2008. He claims to have exhausted these claims by way of state habeas petitions.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) The denial was not supported by "some evidence;" (2) the denial was arbitrary and capricious; (3) the regulations defining suitability for parole are unconstitutionally vague; (4) the participation of a prosecutor in the hearing was unconstitutional.

Issue four presents only a state law question, as there is no due process right not to have a prosecutor participate in a parole hearing. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). It will be dismissed. The other claims are sufficient to require a response.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 4, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\TRAPP1284.OSC.wpd

3